

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN , 11

GROVER SELLERS

ATTORNEY GENERAL

Honorable R. A. McElrath
County Auditor
Cooke County
Gainesville, Texas

Dear Sir:

Opinion Number O-5450
Re: Under the facts submitted
are the Road District No. 2,
Cooke County, Texas, Road
Improvement Bonds in question,
eligible for refunding?

Your letter of October 30 is as follows:

"Under date of April 10, 1929, Road District
No. 2, Cooke County, Texas, issued certain road
improvement bonds described as follows, said de-
scription being taken from the face of Bond No.
162 which was canceled April 10, 1943:

"'This bond is one of a series of two
hundred and twenty-five (225) bonds,
numbered consecutively from one (1)
to two hundred and twenty-five (225),
inclusive, of the denomination of One
Thousand Dollars ($1000.00) each, ag-
gregating Two Hundred and Twenty-five
Thousand Dollars ($225,000.00), issued
for the purpose of constructing, main-
taining and operating macadamized, grav-
eled or paved roads and turnpikes, or in
aid thereof, under and in strict con-
formity with the Constitution and laws

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of the state of Texas, including Articles
627 to 641, inclusive, of Chapter 2, Title
18, Revised Statutes of 1911, as amended
by Section 1, Chapter 203, Acts of 1917,
Regular Session, and pursuant to an order
passed by the Commissioners Court of Cooke
County, Texas, on the 13th day of September,
A. D. 1920, which order is of record in
Book 9, pages 338 to 346, inclusive, of
the Minutes of said court.'

"The bonds were set up to mature serially over
a period of 30 years, seven maturing on April 10th
the first 15 years, and eight maturing on April
10th the second 15 years. All bonds have been
paid at maturity, there remaining unpaid 56 bonds
amounting to $56000.00. The interest on these
remaining bonds at 5½% will amount to $12320.00.

"With the set-up shown above your opinion is
requested as to whether these bonds are eligible
for refunding the same as the Court House Bonds
mentioned in the Cochran County Case reported in
172 S. W. 2nd 689."

The bonds of Road District No. 2 of Cooke County, Texas,
were issued in 1920 under statutory provisions which were de-
clared unconstitutional and invalid in the case of Browning v.
Hooper, 269 U. S. 396, 46 Sup. Ct. 141, 70 L. Ed., 330. As is-
sued, the bonds provided for no option of redemption prior to
their respective maturities. In 1926 the Legislature validated
the creation of Road District No. 2 of Cooke County, validated
the orders and preelection proceedings relative to the issuance
of the $225,000 in bonds and sale thereof; by Section 4 of said
Act (Chapter 187, Special Laws, First Called Session, 39th Leg.)
it is expressly provided that:

"That the order or orders thereafter adopted
by the county commissioners' court of said county
authorizing the issuance of said bonds of said
road district, prescribing the date and maturity

thereof, rate of interest borne by the bonds
and place of payment of principal and interest,
and fixing form of bond and coupon, and pro-
viding for the levy of an ad valorem tax upon
the taxable property in said road district suf-
ficient to pay the interest on such bonds and
to produce a sinking fund for the redemption
of the principal thereof at maturity, are here-
by legalized, approved and validated."

In view of the validation of the bonds in the form
in which they were issued, and in accordance with the orders
under which they were issued, the bonds may not be redeemed
before maturity. Road District No. 2, Colorado County v.
Gregory (Tex. Civ. App.) 120 S. W. (2d) 859. The case cited
is determinative of the point; there, the bonds were issued
with the provision that certain bonds should be optional on
a certain date, although the order of election had provided
that the bonds should be optional on any interest paying date
after five years. The county contended in that case that in-
asmuch as the provision in the bonds that the same should be
optional only on a date certain was at variance with the pre-
election proceedings, the provision was invalid and inoperative
to the extent to which it conflicted with the preelection pro-
ceedings. The court pointed out that the bonds were issued
prior to the decision of Browning v. Hooper, supra, and that
the issuance of the bonds had been validated by the First Call-
ed Session of the 39th Legislature. It was, therefore, held
that the bonds were not optional, save and except upon the one
date fixed for their redemption before maturity.

The case of Cochran County v. Mann is not applicable
to the bonds here under consideration. That decision relates
only to county bonds ussued under Chapter 2 of Title 22, Re-
vised Civil Statutes, 1925, and to bonds issued under the
statutory provisions which were the ancestors of Chapter 2;
namely, Chapter 1 of Title 18 of the Revised Civil Statutes

of 1911. Our opinion No. O-5493 construes the applicability of the Cochran County case to county bonds. A copy of it is enclosed herewith for your information.

Very truly yours

APPROVED NOV. 13, 1943                 ATTORNEY GENERAL OF TEXAS

/s/ R. W. Fairchild

ACTING ATTORNEY GENERAL OF TEXAS      By

/s/ Gaynor Kendall
Assistant

GK-s
pw

Encl.


APPROVED OPINION COMMITTEE BY B.W.B. CHAIRMAN


O.K.
C.C.R.